IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BANCO POPULAR DE P.R., <br><br> Plaintiff, <br><br> v. <br><br> M/V CLASSY LADY, ET AL., <br><br> Defendants. | CIV. NO.: 10-1976(GAG/SCC) |

**MEMORANDUM AND ORDER**

On March 26, 2012, the Court entered a final judgment against, among others, Defendant Ismael González-Lebrón. Docket No. 46. During the proceedings to enforce the judgment, González died. *See* Docket No. 60-1 (death certificate). Accordingly, the Court granted Banco Popular's motion to substitute González's heirs—his widow, Luz Eneida Morales-Cosme, and his daughter, Marta C. González—for González as defendants in this action. Docket No. 63. Banco Popular understands that, under González's open will, Luz Eneida and

Marta are his sole heirs. *See* Docket No. 66, at 2. It further understands that neither has accepted or rejected Gonzalez's heritage. *See id.* at 3.

Given this procedural history, Banco Popular wishes to invoke a procedure known as *interpellatio in iure*, by which we should direct González's heirs to accept or reject their inheritance within a specified period of time. *See BBVA v. Latinoamericana de Exportación, Inc.*, 164 D.P.R. 689 (2005) (explaining *interpellatio in iure*). Under Puerto Rico law, an inheritance is not effective until an heir actually accepts it. *See id.* at 695 (citing *Rivera Rivera v. Monge Rivera*, 117 D.P.R. 464 (1986)). Nonetheless, the law recognizes that certain parties, including judgment creditors to the decedent, have an interest in settling the matter of inheritance such that they may know whether they may pursue their claims against the putative heirs. *See id.* at 695–96. *Interpellatio* is the procedure by which a creditor, for example, forces such a settlement. *See id.* at 696. By statute, such an action may not be instituted until at least nine days after the decedent's death, *see* P.R. LAWS ANN. tit. 31, § 2786, a period that has obviously elapsed. Once the procedure is properly invoked, however, the court must fix a period for "the heir to accept or repudiate the inheritance"; this period

may not exceed thirty days, and if the heir fails to respond the inheritance is deemed accepted. P.R. LAWS ANN. tit. 31, § 2787; *see also BBVA*, 164 D.P.R. at 696.

We conclude that the *interpellatio* procedure has been properly invoked, and, in accordance with the rule laid down in *BBVA*, 164 D.P.R. at 696–97, we make the following Order:

(1) Within thirty days of being served with a copy of this Order, Luz Eneida Morales Cosme and Marta C. González shall each accept or repudiate the above-mentioned inheritance.

(2) Luz Eneida Morales Cosme and Marta C. González are hereby put on notice that a failure to comply with the above deadline will result in our deeming the inheritance accepted.

(3) The acceptance or rejection mentioned above must be made through a public instrument or a judicial writing.

Banco Popular is responsible for serving this Order on Luz Eneida Morales Cosme and Marta C. González. The deadline set forth above shall not begin to run until after service has been properly made.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of March, 2014.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE